NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOWELL ROBINSON, Jr., Master Sergeant USMC, Retired, | No. 23-16071 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00687-SMB |
| v. | MEMORANDUM* |
| JPMORGAN CHASE BANK, N.A.; LEANDRO GUILLEN, Loan Advisor; JOYA LEWIS, Loan Associate; STACY MARTIN, Capital Title; MANDY BENNETT, Capital Title/Supervisor; RANDY MOULTRY, Mueller Services Inc's Appraiser; ALONZO GONZALEZ, JP Morgan Chase/Supervisor, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 17, 2025**

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lowell Robinson, Jr., appeals pro se from the district court's judgment dismissing his action alleging discrimination under the Equal Credit Opportunity Act ("ECOA") arising from a loan application process. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Robinson's action because Robinson failed to allege facts sufficient to show that defendants discriminated against him under the ECOA. *See* 15 U.S.C. § 1691(a) (prohibiting discrimination by creditors with respect to credit transactions on the basis of certain protected grounds); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-16071